IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES E. NOBLE a/k/a JAMES E. NOBLES, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:20-cv-61-D-BN |
| JENNY DICKERSON, ET AL., | § § § | |
| Defendants. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* action was transferred to this Court from the Central District of California under 28 U.S.C. § 1406(a). *See* Dkt. No. 7 ("Although Plaintiff's complaint is largely undecipherable, it appears to the Court that Plaintiff's claims relate to his treatment by the Alvarado Police Department in Alvarado, Texas," Alvarado being a municipality in Johnson County, which lies in the Dallas Division of this district.).

It was then referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater.

The undersigned entered findings, conclusions, and recommendation on January 16, 2020. *See* Dkt. No. 10. These amended findings, conclusions, and recommendation supersede those entered on January 16, 2020.

Plaintiff James E. Noble (a/k/a James E. Nobles) is no stranger to the Court. And, based on his past filings in the Court, the Court should summarily dismiss this

action for his failure to comply with a prior sanction order.

> In 2003, after filing over twenty actions under the name of James E. Nobles, the Court sanctioned him $500 for abuse of the litigation process and disregarding court orders. *See Nobles v. Roberson*, No. 3:03-CV-2703-M (N.D. Tex. Dec. 24, 2003). The sanction order barred Plaintiff from filing any civil action in this Court unless he pays a sanction of $500 and obtains judicial preapproval before filing any civil action *in forma pauperis*. *Id.*
> In 2010 and 2011, Plaintiff filed seven additional actions (four under the name of James E. Nobles, and three under the name of James E. Noble, as in this case), which the Court dismissed for failure to comply with the 2003 sanction order. *See* Case Nos. 3:10-CV-02294-L; 3:10-CV-02296-K; 3:10-CV-02423-P; 3:10-CV-02628-D; 3:11-CV-02241-B; 3:11-CV-2242-B; 3:11-CV-2244-N.

*Noble v. Andrews*, No. 3:14-cv-2791-M-BK, Dkt. No. 17 (N.D. Tex. Aug. 25, 2014), *rec. adopted*, Dkt. No. 18 (N.D. Tex. Sept. 17, 2014).

Just as in that case, here, Plaintiff failed to pay the 2003 sanction prior to filing this complaint, and he also did not obtain judicial preapproval. These failures require dismissal of this action without prejudice. And the period for filing objections to these amended findings, conclusions, and recommendation provides Plaintiff an opportunity to present evidence sufficient to contest that he is the same litigant previously sanctioned by the Court.

## Recommendation

The Court should dismiss this action without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE